**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JEROME E. BERRY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 4:21-cv-1002-NAB |
| | ) |
| AMY JAMES and SCOTT KELLEY, | ) |
| | ) |
|     Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Jerome E. Berry, an inmate at the Farmington Correctional Center (FCC), for leave to commence this civil action without prepaying fees or costs. Upon review of the motion, the Court has determined to grant plaintiff leave to proceed *in forma pauperis*, and assess an initial partial filing fee of $1.00. Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not provided the Court with a certified copy of his inmate account statement, but the Court will not direct him to obtain and file one at this time. Instead, the Court will assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court.  *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

## Legal Standard on Initial Review

This Court is required to review complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within

the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is imprisoned for sex offenses. He filed the complaint pursuant to 42 U.S.C. § 1983 to claim his due process rights were violated when he was not allowed a second chance to complete the Missouri Sex Offender Treatment Program (also "MOSOP").[1] It is clear plaintiff intends to sue the following two Missouri Department of Corrections ("MDOC") employees in their individual capacities: Amy James, the Assistant Clinical Director of MOSOP; and Scott O'Kelley, the Assistant Division Director of Mental Health Services. In setting forth his statement of claim, plaintiff alleges misconduct on the part of other individuals as well. Condensed and summarized, plaintiff alleges as follows.

Plaintiff was once enrolled in MOSOP, but he voluntarily signed himself out before completing it. He sought to be re-admitted to MOSOP, but was placed on a waiting list instead. Plaintiff claims the defendants and other individuals wrongfully denied him a second chance at MOSOP by engaging in stall tactics and unprofessional and unethical behavior. Plaintiff also claims that by denying him a second chance to complete MOSOP, the defendants and others caused him to miss chances for parole and/or conditional release.

---

[1] Missouri law requires persons imprisoned for sex offenses to successfully complete MOSOP prior to being eligible for parole or conditional release. Mo. Rev. Stat. § 589.040.2. *See Jones v. Moore,* 996 F.2d 943, 945 (8th Cir. 1993) (citations omitted) ("Section 589.040.2 . . . has been interpreted as requiring completion of MOSOP prior to release on parole and does not extend a prisoner's sentence.")

Plaintiff pleads almost no concrete facts explaining the actual conduct of either defendant, or any individual who could be identified as a defendant. Instead, he writes individuals' names and levels conclusory allegations against them. For example, he writes James's name and alleges she "did not allow, or place plaintiff back in the program in a reasonable timely fashion," and displayed a "lack of [acknowledgement] and [responsibilities] towards plaintiff in his unfounded circumstances in past and present . . . because of Mrs. Amy James' lack [] of responsibility[] . . . for not put[t]ing plaintiff back in the MOS[O]P program before plaintiff's C-R-Date of 8-2-18, also responsible for plaintiff 12-12-Date of 8-2-21 date also has been taken." (ECF No. 1-1 at 9-10). Finally, plaintiff claims the defendants and others conspired with the Parole Board to deny him early release. He seeks millions of dollars in damages.

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). Section 1983 provides no substantive rights; it merely provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright v. Oliver*, 510 U.S. 266, 271 (1994) (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred"). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Despite the manner in which plaintiff prepared the complaint, it is clear he claims his constitutional right to due process was violated because he was denied a second chance to complete MOSOP, and because he therefore missed opportunities to be paroled or conditionally released

4

before the expiration of his sentence. Plaintiff's allegations do not state a valid due process claim because due process requirements apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of property or liberty, *Board of Regents Of State Colleges v. Roth*, 408 U.S. 564, 569 (1972), and neither interest exists here.

This case obviously does not involve a property interest, and plaintiff does not have a constitutionally-protected liberty interest in the possibility of parole or conditional release. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7  (1979). Although a state's parole statutes and regulations may create a liberty interest protected by the Fourteenth Amendment's Due Process Clause, *id.* at 12, the United States Court of Appeals for the Eighth Circuit has determined that Missouri's parole statutes do not create such an interest. *See Adams v Agniel*, 405 F.3d 643, 645 (8th Cir. 2005) (citing *Marshall v. Mitchell,* 57 F.3d 671, 673 (8th Cir. 1995)).

Plaintiff also lacks a constitutionally-protected liberty interest in MOSOP participation independent of any asserted right to parole. A state-created liberty interest arises when "the state has placed substantive limitations on the exercise of official discretion." *Jones*, 996 F.2d at 945 (internal citations omitted). Missouri law does require certain inmates to complete MOSOP before being eligible for parole or conditional release, but it does not place the requisite substantive limitations on the exercise of official discretion. *Id.* Therefore, Missouri law "does not grant inmates a liberty interest in participating in MOSOP at any particular time relevant to their presumptive parole dates." *Id.*; *see also Patterson v. Webster*, 760 F. Supp. 150, 153 (E.D. Mo. 1991) ( "Because plaintiffs have no liberty interest in parole, no procedural due process protections attach to their participation in MOSOP").

Plaintiff therefore cannot establish he was deprived of an interest encompassed by the Fourteenth Amendment's protection of property or liberty. He therefore fails to state a viable due process claim, and he does not identify any other right secured by the Constitution or laws of the United States under which his claims may plausibly arise. Even if it could be said plaintiff had identified a constitutionally-protected liberty interest, his allegations are almost entirely conclusory and would be insufficient to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

Plaintiff also alleges, in conclusory fashion, that the defendants and other individuals conspired with the Parole Board to deny him early release. To prevail on a § 1983 claim for conspiracy, a plaintiff must allege, *inter alia*, the deprivation of a constitutional right or privilege. *Askew v. Millerd*, 191 F.3d 953, 958 (8th Cir. 1999) (internal citation omitted). Here, as discussed above, plaintiff's allegations cannot establish a constitutional violation. "Absent a constitutional violation, there is no actionable conspiracy claim." *In re Kemp*, 894 F.3d 900, 910 (8th Cir. 2018) (internal citations omitted). Even if plaintiff had identified a constitutional violation, his wholly conclusory allegations of conspiracy would be insufficient to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678.

For the foregoing reasons, the Court concludes the complaint is subject to dismissal. Because it is clear that the claims plaintiff intends to bring rest upon allegations that cannot form the basis of a claim of constitutional dimension, it would be futile to give plaintiff the opportunity to file an amended complaint. The Court will therefore dismiss this action at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $1.00.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 4th day of  November, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

7